Dear Mr. Huey:
You requested the opinion of this office concerning legal fees to be paid to George L. Carmouche, the counsel engaged to represent the Orleans Levee District (the "District") concerning certain mineral producing properties owned by the District in Plaquemines Parish unrelated to the properties involved in the Bohemia Spillway dispute. The District on August 15, 2001 adopted a resolution setting forth the circumstances relating to the retention of Mr. Carmouche. The resolution and a Professional Services Agreement dated September 27, 2001 between the District and Mr. Carmouche (the "Agreement") were submitted with your request for this opinion. Your specific question concerns the validity of the following section of the Agreement:
 "This paragraph shall be subject to an Attorney General's opinion indicating that the fee arrangement set out below meets with the requirements of law. Should a court of competent jurisdiction award attorneys' fees, to be paid by the defendants over and above actual amount due to the Levee Board, in any of this litigation, the attorney fees payable to George L. Carmouche, A Professional Law Corporation, shall be the greater of:
 A. The actual hourly rate fee paid by the Orleans Levee District which has been significantly discounted for governmental services; or
 B. The regular hourly rate charged by George L. Carmouche, A Professional Law Corporation for non-governmental services; or
C. The fee awarded by the Court."
We have been verbally advised by Mr. Carmouche that the hourly rate that he charges non-governmental clients is $225 per hour.
The District is required, as are all other political subdivisions not specifically excepted, to obtain the approval of the Attorney General for the retention of special counsel. R.S. 42:261, et seq.; Op.Atty.Gen. No. 89-249; 91-91(A). Pursuant to R.S. 42:263, the District is required to submit to the Attorney General a resolution setting forth the real necessity for the retention of special counsel and the compensation to be paid said special counsel.
While the resolution which was submitted sets forth the real necessity for the retention of Mr. Carmouche as special counsel, the resolution does not set forth the compensation to be paid to Mr. Carmouche, nor does the resolution incorporate the Agreement within which the compensation is stated. Accordingly, the resolution submitted to this office does not comply with the formalities set forth in R.S. 42:263.
As to the legality of the fee arrangement between the District and Mr. Carmouche as set forth in the Agreement, we have been unable to find any statutory prohibition to this fee arrangement. Furthermore, in accordance with the policy of this office, the fee arrangements have been reviewed by the First Assistant Attorney General who advised that he will approve same upon submission of the appropriate resolution.
Trusting this adequately responds to your request, we remain
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv
DATE RELEASED: September 5, 2002